IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| BRANDON RICHARDS,<br><br>      Petitioner,<br><br>  v.<br><br>R.S. DUNBAR,<br><br>      Respondent. | CIVIL ACTION NO.: 2:21-cv-69 |

### REPORT AND RECOMMENDATION

Petitioner Brandon Richards ("Richards"), who is currently incarcerated at the Federal Correctional Institution-Satellite Low in Jesup, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas. Doc. 1. Respondent filed a Motion to Dismiss, and Richards filed a Response. Docs. 6, 9. For the following reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS without prejudice** Richards' Petition based on his failure to exhaust his administrative remedies, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Richards leave to appeal *in forma pauperis*.

### BACKGROUND

Richards was convicted in the Northern District of Illinois of conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. § 846. He was sentenced to 184 months in prison and has a projected release date of June 22, 2024, via good conduct time release. Doc. 6-1; Doc. 1 at 1.

In his Petition, Richards asserts the Bureau of Prisons ("BOP") has failed to apply earned time credits against his sentence under the First Step Act. Doc. 1 at 6. Richards asks this Court to instruct the BOP to apply his earned time credits and adjust his eligible release date. Id. at 7.

Respondent asserts Richards did not exhaust his administrative remedies prior to filing this Petition, as required. Doc. 6 at 3. In addition, Respondent contends Richards' claims are not cognizable in a habeas action and his claims are premature. Id. at 3–8.

## DISCUSSION

**I.  Whether Richards Exhausted his Administrative Remedies**

**A.  Legal Requirements for Exhaustion**

The Eleventh Circuit Court of Appeals has held a § 2241 petitioner's failure to exhaust administrative remedies is not a jurisdictional defect. Santiago-Lugo v. Warden, 785 F.3d 467, 474 (11th Cir. 2015); see also Fleming v. Warden of FCI Tallahassee, 631 F. App'x 840, 842 (11th Cir. 2015) ("[Section] 2241's exhaustion requirement was judicially imposed, not congressionally mandated, and . . . nothing in the statute itself support[s] the conclusion that the requirement [is] jurisdictional."). Nevertheless, the Eleventh Circuit has noted "the exhaustion requirement is still a requirement and that courts cannot 'disregard a failure to exhaust . . . if the respondent properly asserts the defense.'" Id. (citing Santiago-Lugo, 785 F.3d at 475).[1] Failure to exhaust administrative remedies is an affirmative defense, and inmates are not required to

---

[1]  The Court notes, in certain circumstances, it should not determine exhaustion issues. Specifically, in Jenner v. Stone, this Court noted, "Although exhaustion of administrative remedies is not a jurisdictional requirement in a § 2241 proceeding, 'that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense.'" Jenner v. Stone, No. CV 317-068, 2018 WL 2976995, at *2 (S.D. Ga. May 16, 2018), *report and recommendation adopted*, 2018 WL 2972350 (S.D. Ga. June 13, 2018) (quoting Santiago-Lugo, 785 F.3d at 474–75). "However, 'a court may skip over the exhaustion issue if it is easier to deny . . . the petition on the merits without reaching the exhaustion question." Id. (quoting Santiago-Lugo, 785 F.3d at 475). Here, the Court has opted to address exhaustion.

2

specially plead or demonstrate exhaustion in their complaint. Jones v. Bock, 549 U.S. 199, 216 (2007). Additionally, the United States Supreme Court has "held that the PLRA's ["Prison Litigation Reform Act's"] text suggests no limits on an inmate's obligation to exhaust—irrespective of any 'special circumstances.' And that mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account." Ross v. Blake, 136 S. Ct. 1850, 1856 (2016).

The requirement the exhaustion of remedies occur "first in an agency setting allows 'the agency [to] develop the necessary factual background upon which decisions should be based' and giv[es] 'the agency a chance to discover and correct its own errors.'" Green v. Sec'y for Dep't of Corr., 212 F. App'x 869, 871 (11th Cir. 2006) (quoting Alexander v. Hawk, 159 F.3d 1321, 1327 (11th Cir. 1998) (first alteration in original)). Furthermore, requiring exhaustion in the prison setting "eliminate[s] unwarranted federal-court interference with the administration of prisons" and allows "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Woodford v. Ngo, 548 U.S. 81, 93 (2006).[2]

The Supreme Court has noted exhaustion must be "proper." Id. at 92. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90–91. In other words, an institution's requirements define what is considered exhaustion. Jones, 549 U.S. at 218. It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate.

---

[2] Although Woodford was a civil rights suit rather than a habeas petition, the Court "noted that the requirement of exhaustion is imposed by *administrative law* in order to ensure that the agency addresses the issues on the merits." Fulgengio v. Wells, CV309-26, 2009 WL 3201800, at *4 (S.D. Ga. Oct. 6, 2009) (emphasis in original) (quoting Woodford, 548 U.S. at 90) (internal punctuation omitted). Thus, exhaustion requirements are applicable to habeas petitions.

Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000).  The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit.  Id.

Thus, under the law, prisoners must do more than simply initiate grievances; they must also appeal any denial of relief through all levels of review that comprise the agency's administrative grievance process.  Bryant v. Rich, 530 F.3d 1368, 1378 (11th Cir. 2008) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'" (quoting Johnson v. Meadows, 418 F.3d 1152, 1157 (11th Cir. 2005))); Sewell v. Ramsey, No. CV406-159, 2007 WL 201269 (S.D. Ga. Jan. 27, 2007) (finding a plaintiff who is still awaiting a response from the warden regarding his grievance is still in the process of exhausting his administrative remedies).

### B.     Standard of Review for Exhaustion

"Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action.  Bryant, 530 F.3d at 1374 (internal punctuation and citation omitted).  Further, a judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court.  Id.  In these instances, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record."  Id. at 1376.

In Turner v. Burnside, 541 F.3d 1079 (11th Cir. 2008), the Eleventh Circuit set forth a "two-step process" lower courts must employ when examining the issue of exhaustion of administrative remedies.[3]  First, the court is to take the plaintiff's version of the facts regarding

---

[3]     Although Turner involved exhaustion requirements within the context of a 42 U.S.C. § 1983 action, it appears the two-step process set forth in Turner would be no less applicable to a § 2241

exhaustion as true. Id. at 1082. If, even under the plaintiff's version of the facts, the plaintiff has not exhausted, the complaint must be dismissed. Id. However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true. Id. Rather, "the court then proceeds to make specific findings in order to resolve the disputed factual issues[.]" Id. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083. The Eleventh Circuit has held a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion in conjunction with a Rule 12(b)(6) motion to dismiss so long as the factual disputes do not decide the merits of the case. See Bryant, 530 F.3d at 1376–77.

### C. Analysis of Richards' Efforts at Exhaustion

Respondent states Richards filed administrative appeals with the Warden and Regional Director prior to filing his Petition, but he did not submit an appeal with the Office of General Counsel, which is the final step in the administrative remedies process. Doc. 6 at 1. Thus, Respondent concludes Richards failed to exhaust his administrative remedies and his Petition should be dismissed as a result. Id.

In response, Richards notes he filed an administrative remedy request at the warden's level on May 10, 2021. Doc. 9 at 2. Richards states he filed an appeal with the Regional Director, which was received on June 7, 2021, yet he did not receive a response until September 1, 2021. While Richards believes further pursuit of his administrative remedies is "futile," he claims he submitted an appeal with the Office of General Counsel after September 1, 2021. Id.

---

proceeding. See McCoy v. Glidewell, Civil Action No. 4:11-cv-1683, 2012 WL 3716872, at *5 (D.S.C. June 18, 2012) (noting § 2241's exhaustion requirements and Turner's application of exhaustion standards to a § 2241 petition).

5

In fact, Richards states he was informed by letter dated December 14, 2021, he submitted the improper form to the Office of General Counsel and would need to re-submit the proper form to have his request considered.  Doc. 10 at 1.

The BOP has established an administrative remedy procedure through which an inmate may seek review of a grievance related to any aspect of his imprisonment.  28 C.F.R. § 542.10 *et seq*.  The Administrative Remedy Program applies to all inmates incarcerated in penal institutions operated by the BOP.  § 542.10(b).  Under the applicable Regulations, an inmate must generally first seek to resolve an issue of concern informally by presenting the issue to correctional staff.  § 542.13(a).  If this does not resolve the matter, an inmate must submit a formal written administrative remedy request ("BP-9") within 20 calendar days of the incident giving rise to the grievance.  § 542.14(a).  If unsatisfied with the Warden's response, an inmate may appeal with the Regional Director ("BP-10") within 20 days of the Warden's response.  § 542.15(a).  If dissatisfied with the Regional Director's response, an inmate may take a final appeal ("BP-11") to the BOP's Office of General Counsel in Washington, D.C., within 30 days of when the Regional Director signed the response.  Id.  Appeal to the BOP's Office of General Counsel is the final step in the BOP's administrative remedy process.  Id.  Inmates must complete all three steps of the administrative remedies process to have exhausted his administrative remedies.

The evidence before the Court reveals Richards had not completed the administrative remedies process regarding the claims raised in his Petition at the time of filing.  Jason White, an attorney-advisor with the Southeast Regional Office of the BOP, declares Richards submitted a BP-9 and a BP-10 regarding the claims in his Petition.  Doc. 6-1 at 3.  In support of his declaration, Mr. White cites to Richards' administrative remedy information through the

SENTRY database.  Id. & at 10.  Indeed, this information reveals Richards filed Remedy Number 1080753-F1 (BP-9) on May 19, 2021, requesting credit and Number 1080753-R1 (BP-10) on June 9, 2021, the appeal to the Regional Office.  Id. at 10.  However, as of August 11, 2021, the date Mr. White executed his declaration, Richards had not filed an appeal at the General Counsel's Office (BP-11), which would have been assigned Number 1080753-A1.  Id. & at 3.  After Respondent filed his Motion to Dismiss and Richards his Response, Richards submitted a filing indicating his BP-11 was received on November 16, 2021, but it was rejected on November 29, 2021, because Richards did not use the proper BP-11 form.  Doc. 10 at 2.  In addition, the Regional Director's response to Richards' appeal is dated August 18, 2021, though he did not receive the response until September 1, 2021.  Doc. 1-1 at 6, 7.  All of these dates are after Richards executed his Petition and it was filed with this Court.

The only evidence before the Court regarding Richards' attempts at exhaustion reveals Richards has not completed the administrative remedies request process regarding the claims he raises in his Petition.  Richards executed his Petition on July 16, 2021, and it was filed in this Court on July 21, 2021.  Doc. 1.  Even if a response to Richards' Regional Office Appeal were untimely, he should have considered "the absence of a response [within the time allotted] to be a denial" at the BP-10 level.  § 542.18 (noting the Regional Director has 30 days from receipt to respond and may have a one-time extension for response of up to 30 days).  Thus, the proper course would have been to file a BP-11 with the Office of General Counsel—assuming the Regional Director did not notify Richards of an extension in writing—rather than executing a § 2241 petition on July 16, 2021.  In addition, it appears Richards filed a BP-11 on November 16, 2021, which was rejected on November 29, 2021, for not being on the proper form and because his appeal of the rejection at the BP-10 level was untimely.  Doc. 10 at 2.  In short,

7

Richards had not pursued the process through to its completion at the time he filed his § 2241 Petition.  Bryant, 530 F.3d at 1378 (noting all steps in the administrative remedies process must be completed before a party files a cause of action with a court).

Consequently, the Court should **GRANT** Respondent's Motion to Dismiss and **DISMISS without prejudice** Richards' claims based on his failure to exhaust his available administrative remedies prior to the filing of his § 2241 Petition.  It is unnecessary to address the remaining grounds of Respondent's Motion.  Holdago v. United States, Civil Action No.: 5:19-cv-9, 2019 WL 5681217, at *3 (S.D. Ga. Oct. 31, 2019) (finding it unnecessary to address alternative grounds in motion for dismissal where petitioner failed to exhaust his available administrative remedies), *adopted by* 2019 WL 6353869 (S.D. Ga. Nov. 26, 2019).

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Richards leave to appeal *in forma pauperis*.  Though Richards has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus,

a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Richards' Petition and Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Richards *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss and **DISMISS without prejudice** Richards' Petition for failure to exhaust his administrative remedies. I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Richards leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed

findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 8th day of June, 2022.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA